UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AILEEN W.,

            Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

Case No. C19-6075 RSM

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff appeals denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by rejecting her testimony and three medical opinions and finding her mental impairments did not meet or equal a listed impairment. Dkt. 9. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff is 46 years old, has a limited education, and has worked as a short order cook. Dkt. 7, Admin. Transcript (Tr.) 59. Plaintiff alleges disability as of November 18, 2016. Tr. 48. After conducting a hearing in July 2018, the ALJ issued a decision finding Plaintiff not disabled. Tr. 122-59, 48-61. In relevant part, the ALJ found Plaintiff's severe impairments included spine,

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 1

hip, and knee impairments as well as persistent depressive disorder and unspecified anxiety disorder. Tr. 51. The ALJ also found Plaintiff's mental impairments did not meet or medically equal listings 12.04 or 12.06, and she had the residual functional capacity (RFC) to perform sedentary work with further limitations, including only simple, repetitive tasks with occasional, minor work place changes. Tr. 52, 53.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.     Medical Opinions**

An ALJ may only reject a treating or examining doctor's uncontradicted opinion for "clear and convincing" reasons and a contradicted opinion for "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Plaintiff contends the "clear and convincing" standard applies because "the ALJ did not write that those opinions were contradicted by any other medical source." Dkt. 11 at 3. The ALJ described and evaluated opinions of a treating physician and the State agency reviewing doctors that unambiguously contradict the opinions at issue here. Tr. 55, 57. The specific and legitimate standard applies.

**1.     William R. Wilkinson, Ed.D.**

Dr. Wilkinson examined Plaintiff in December 2016 and opined she had marked impairments in maintaining punctual attendance, maintaining appropriate behavior, and completing a normal work day and work week. Tr. 435-36. The ALJ discounted these opinions on several grounds. Tr. 57-58. Although several were erroneous, Dr. Wilkinson's opining the impairments would last only nine months with treatment was a specific and legitimate reason to

discount them for purposes of Social Security disability. *See* 20 C.F.R. §§ 404.1505(a), 416.905(a) (Social Security disability can only be based on inability to work due to impairments that have "lasted or can be expected to last for a continuous period of not less than 12 months" or result in death).

The ALJ discounted Dr. Wilkinson's opinions because he opined her impairments were "treatable" and the limitations would last nine months with appropriate treatment. Tr. 58, 436. Plaintiff argues the limitations persisted because the ALJ found depression and anxiety were severe impairments and because another psychologist opined the same marked impairments a year later. Tr. 776. The ALJ found Plaintiff's mental impairments had more than a minimal effect on her ability to work, not that her impairments caused the marked limitations Dr. Wilkinson opined. Tr. 49, 51. And the later psychological evaluation, which the ALJ permissibly discounted as discussed below, showed far more normal findings than Dr. Wilkinson observed. Dr. Wilkinson observed abnormalities in appearance, attitude and behavior, affect, and thought process not found in the later examination. Tr. 437, 777-78. Substantial evidence supports the ALJ's finding the impairments Dr. Wilkinson opined did not last and were not expected to last at least 12 months.

Other reasons were erroneous. The ALJ noted Dr. Wilkinson opined Plaintiff's overall severity level was "marked," despite opining marked limitations in only three categories and none, mild, or moderate limitations in ten categories. Tr. 57-58. To the extent the ALJ intended this as a reason to discount Dr. Wilkinson's opinions, the reason was erroneous. Difficulty getting to work and staying there would create difficulty maintaining a job, no matter how well Plaintiff performed her work while she was there.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 3

The ALJ found Dr. Wilkinson's opinions conflicted with the medical evidence in the record but identified no specific conflicts. Tr. 58. The Commissioner argues mental status examination throughout the record were "mostly normal" but the record is decidedly mixed, with frequent abnormal findings such as hyperactive or tearful behavior, guarded or anxious mood, hyperverbal or rambling speech, or agitated affect. Dkt. 10 at 7; Tr. 496, 498, 863, 874. Conflict with the medical evidence was not a specific and legitimate reason to discount Dr. Wilkinson's opinions.

The ALJ found Dr. Wilkinson's opinions conflicted with his own examination findings that Plaintiff's "physical issues are 'primary'…." Tr. 58. Dr. Wilkinson stated Plaintiff's "chief complaint is her physical health conditions," but he did not assess her primary issue as physical. Tr. 436. The Commissioner points to some findings such as normal orientation and perception, but fails to explain how they contradict Dr. Wilkinson's opinions or outweigh his findings of abnormalities such as in appearance ("manifesting a lot of inner turbulence"), attitude and behavior, mood, and affect. Tr. 437. Conflict with his own findings was not a specific and legitimate reason to discount Dr. Wilkinson's opinions.

The ALJ found Dr. Wilkinson's opinions contradicted by Plaintiff's activities in raising her son, but failed to identify any conflict. Tr. 58. The Commissioner cites activities of "waking her 14-year-old son, making him breakfast, getting herself ready [f]or the day, and attending appointments." Dkt. 10 at 6. None of these show an ability to maintain full-time attendance at a job, or otherwise contradict Dr. Wilkinson's opinions.

Finally, the ALJ found Dr. Wilkinson relied heavily on Plaintiff's self-reports, but offered no supporting evidence. Tr. 58. The Commissioner argues "large portions of the opinion simply reiterate Plaintiff's own description of her limitations," citing the "Symptom" section of

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 4

Dr. Wilkinson's report.  Dkt. 10 at 7 (citing Tr. 435).  While Dr. Wilkinson duly noted Plaintiff's reported symptoms, they do not appear related to his opined limitations.  Dr. Wilkinson's opinions are well supported by his objective observations of abnormalities such as in appearance ("manifesting a lot of inner turbulence; she rocks back and forth"), attitude and behavior ("apprehensive"), mood, and affect ("over-controlled, pushe[d] down").  Tr. 437.  Overreliance on Plaintiff's self-reports was not a specific and legitimate reason to discount Dr. Wilkinson's opinions.

Inclusion of erroneous reasons was harmless because the ALJ provided the specific and legitimate reason that the opined limitations would not last at least a year.  The Court concludes the ALJ did not err by discounting Dr. Wilkinson's opinions.

**2.     Terilee Wingate, Ph.D.**

Dr. Wingate examined Plaintiff in January 2018 and opined the same marked limitations as Dr. Wilkinson opined.  Tr. 776.  She opined the limitations would last at least 12 months.  Tr. 777.  The ALJ discounted Dr. Wingate's opinions for several of the same reasons as Dr. Wilkerson's, which were similarly insufficient.  The ALJ also discounted Dr. Wingate's opinions as inconsistent with her own findings.  Tr. 58.  The ALJ found Dr. Wingate's opinion of marked limitation in maintaining appropriate behavior inconsistent with her findings of good hygiene and grooming, logical and linear speech, cooperative attitude and behavior, normal mood, normal thought process and content with no hallucinations or delusions, normal orientation, normal perception, and normal memory, with only mildly dysphoric mood and deficits in fund of knowledge, concentration, and insight and judgment.  *See* Tr. 777-78.  The ALJ's interpretation of the evidence was reasonable.  *See Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (when the evidence is susceptible to more than one interpretation, the ALJ's rational

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 5

interpretation must be upheld).  Unlike Dr. Wilkerson, Dr. Wingate observed appropriate appearance, attitude and behavior.  And tests such as thought process and content showed no underlying problem expected to cause inappropriate behavior.  The Court concludes the ALJ did not err by discounting Dr. Wingate's opinions.

> **3.   Mohammad H. Yavari Rad, M.D.**

In December 2016 Plaintiff's treating physician, Dr. Yavari Rad, opined Plaintiff could perform sedentary work 21 to 30 hours per week due to her back and knee impairments.  Tr. 442-43.  The ALJ rejected the limitation to less than full time work because Dr. Yavari Rad recommended "only conservative treatment … with no referrals outside of a referral for physical therapy."  Tr. 56.  An ALJ may reject the opinion of a treating physician who prescribed only conservative treatment, yet opines that a claimant suffers disabling conditions.  *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming ALJ's rejection of doctor's opinion of total disability where doctor "prescribed a conservative course of treatment").  Here, however, the ALJ's findings were not supported by substantial evidence.  Dr. Yavari Rad recommended spinal injections and knee injections, in addition to "more physical therapy."  Tr. 443; *see also* Tr. 424, 847 (spinal injection).  The ALJ failed to identify any more radical treatment Dr. Yavari Rad should have recommended.

The ALJ also discounted Dr. Yavari Rad's opinions because Plaintiff failed to attend physical therapy until over a year later, after a motor vehicle accident.  Tr. 56.  A claimant's failure to follow treatment recommendations may justify discounting her testimony, because "a person's normal reaction is to seek relief from pain."  *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007).  Such an indication that a claimant does not seek relief may be a reason to discount a doctor's opinion.  Here, however, Dr. Yavari Rad's treatment notes indicate Plaintiff began

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 6

physical therapy at "South Sound PT" by September 2016 and continued through at least December 2016.  Tr. 415, 446.  The Commissioner argues the record contains "no actual physical therapy records until January 2018." Dkt. 10 at 10.  However, the ALJ did not address the treatment notes showing Plaintiff's physical therapy attendance in 2016, and the Court cannot make its own factual findings to resolve an evidentiary conflict.  *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (court cannot make independent findings based on the evidence before the ALJ).  The ALJ also does not appear to have requested records from South Sound PT.  *See* Dkt. 7 at 3 (Court Transcript Index).  As the record stands, the ALJ's finding is not supported by substantial evidence.

The Court concludes the ALJ erred by discounting Dr. Yavari Rad's opinions without providing a specific and legitimate reason supported by substantial evidence.

**B.     Plaintiff's Testimony**

**1.     Physical Symptoms**

The ALJ discounted Plaintiff's testimony of standing, walking and sitting limitations because "the longitudinal record reveals only conservative treatment recommendations."  Tr. 54. The ALJ's finding is not supported by substantial evidence.  Dr. Yavari Rad recommended spinal injections, knee injections, and physical therapy.  Tr.443, 424, 847.

The ALJ found Plaintiff's testimony of functional deficits contradicted by her activities. Tr. 55.  The ALJ wrote, "although the claimant testified that she experiences left foot numbness and restlessness that limits her ability to sit for prolonged periods; she reported to a treating provider that her left lower extremity swells with prolonged sitting."  Tr. 55.  This is not inconsistent with Plaintiff's testimony her feet swell up and her left foot gets numb.  Tr. 141.  All this evidence supports her testimony that she cannot sit for long periods.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 7

The ALJ also wrote, "although the claimant testified that she can barely wash her own dishes without sitting down due to back pain, the longitudinal record reveals that the claimant was able to go on longer car rides…." Tr. 55.  The need to sit down does not conflict with the ability to sit down for a car ride.  Lastly, the ALJ wrote, "although the claimant testified that she is not able to do much around her home[,] she relies on her son to carry the laundry baskets for her[, and] her son's visiting friends help her obtain objects up high, the claimant did not report this level of impairment to any of her treating providers." Tr. 55.  Plaintiff regularly reported chronic pain.  *See*, *e.g.*, Tr. 900, 530-31, 547.  There is no reason to expect she would describe specific tasks around her house she had difficulty performing.  The ALJ parenthetically noted Plaintiff told a provider she "[w]alks around Walmart with her friend almost daily" and cleans her house. Tr. 55 (citing Tr. 586).  There is no indication Plaintiff walks longer than she testified she is able to, or that her cleaning contradicted her testimony.  For example, Plaintiff testified she can wash dishes for ten or fifteen minutes before she needs to sit down.  Tr. 148.  She does laundry but needs her son to carry the laundry basket.  Tr. 143.  Plaintiff's reports to her doctors did not contradict her testimony of standing, walking, and sitting limitations.

The ALJ also failed to evaluate Plaintiff's testimony of hand symptoms, such as difficulty writing and opening jars.  Tr. 145-46.

The Court concludes the ALJ erred by discounting Plaintiff's physical symptom testimony without a clear and convincing reason.

**2.     Mental Symptoms**

The ALJ discounted mental health symptoms, such as anxiety in crowds and difficulty learning new tasks, because in June 2017 Plaintiff's therapist stated she showed a "low" level of symptom presentation.  Tr. 498; Tr. 150-51.  An ALJ may reject a claimant's subjective

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 8

symptom testimony when it is contradicted by the medical evidence. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (affirming rejection of claimant's "testimony that he can lift only 10 pounds occasionally in favor of Dr. Patton's contradictory opinion that he can lift up to 10 pounds frequently"). Plaintiff's treating provider's opinion that her mental impairments were at a low level contradicted claims of disabling limitations. This was a clear and convincing reason to discount Plaintiff's mental symptom testimony.

The ALJ also discounted mental health symptoms because treatment notes often mention situational stressors, such as financial difficulties, a romantic relationship, or parenting challenges. Tr. 55. The ALJ failed to explain, however, how these situational stressors caused Plaintiff's mental health symptoms of anxiety and learning difficulties. The existence of situational stressors was not a clear and convincing reason to discount Plaintiff's testimony.

Despite the inclusion of an erroneous reason, the ALJ did not err by discounting Plaintiff's mental symptom testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) (error harmless if "inconsequential to the ultimate disability determination").

**C.   Scope of Remand**

Plaintiff requests the Court remand for an award of benefits or, in the alternative, for further administrative proceedings. Dkt. 9 at 18. Plaintiff contends the improperly-rejected evidence should be credited as true, which would mandate finding her impairments would preclude competitive work. Dkt. 9 at 13-15, 18.[1] "This is an erroneous reading of [Ninth Circuit] case law, which requires [the Court] to assess whether there are outstanding issues requiring resolution *before* considering whether to hold that the [improperly discredited

---

[1] Plaintiff also argues Dr. Wilkerson's and Dr. Wingate's opinions establish her impairments meet or medically equal a listed impairment. Dkt. 9 at 13-15. Because the ALJ permissibly discounted their opinions, Plaintiff's argument fails.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 9

evidence] is credible as a matter of law." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014). As the Commissioner points out, Dr. Yavari Rad's opinions conflict with the opinions of State agency doctors and a treating doctor. *See* Tr. 745-47, 195-96, 208-09. These are evidentiary conflicts the ALJ must resolve. Accordingly, the Court concludes remand for further proceedings is appropriate.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reevaluate Plaintiff's testimony and Dr. Yavari Rad's opinions; reassess the RFC as appropriate; and proceed to step five as needed.

DATED this 26th day of June, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE